**Opinion filed June 24, 2021**



## In The

# Eleventh Court of Appeals

_____

## No. 11-21-00118-CR
_____

## EX PARTE JERAMY LEE BAKER

### Original Proceeding

## MEMORANDUM OPINION

In this original proceeding, Jeramy Lee Baker seeks permission to file a second application for writ of habeas corpus pursuant to Article 11.59 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.59 (West 2015). Baker's motion is based on his assertion that he has received "legal material concerning extradition" and needs to present newly discovered evidence that the legal requirements to support his extradition to Alaska have not been met.

A court of appeals does not have original habeas jurisdiction in criminal law matters. *In re Proctor*, No. 11-20-00075-CR, 2020 WL 1181934, at *1 (Tex. App.—Eastland Mar. 12, 2020, orig. proceeding) (per curiam) (mem. op., not designated for publication); *see also* CRIM. PROC. art. 11.05. Therefore, our habeas jurisdiction in criminal law matters is appellate only. *In re Proctor*, 2020 WL 1181934, at *1.

However, Article 11.59 does not prohibit the trial court from considering a motion for a second application for a writ of habeas corpus. *See Ex parte Vance*, 608 S.W.2d 681, 682 (Tex. Crim. App. [Panel Op.] 1980); *Ex parte Montenegro*, No. 07-08-0104-CV, 2008 WL 612125, at *1 (Tex. App.—Amarillo Mar. 6, 2008, orig. proceeding) (mem. op.).

We dismiss this proceeding for want of jurisdiction.

PER CURIAM

June 24, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.